IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 7 BANKRUPTCY |
| BARRY D. HOWSE | NO. 17-51686-KMS |

* * *

| | |
|---|---|
| BUSINESS PROPERTY LENDING, INC., | PLAINTIFF, |
| v. | ADV. No. 17-06065-KMS |
| BARRY D. HOWSE, | DEFENDANT. |

### ANSWER, DEFENSES & MOTIONS

COMES NOW the Debtor in the above-referenced Chapter 7 Proceeding and Defendant in this Adversary Proceeding, Barry D. Howse ("Barry Howse"), by and through Counsel, who files this Answer, Defenses & Motions in response to that certain Complaint Objecting To Discharge And To Determine Dischargeability Of Debts (Docket No. 1) (the "Complaint") filed herein by Business Property Lending (hereinafter "BPL") and would show as follows:

### DEFENSES

1. The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2. The Section 523 claims in the Complaint should be dismissed because the relief sought therein is barred by equitable defense of laches, consent, acquiescence and waiver.

3. The Complaint should be dismissed because BPL lacks standing to assert all of the claims in the Complaint.

4. The Complaint should be dismissed to the extent that any act of any representative of Barry Howse at issue herein may have been an *ultra vires* act.

5. The Section 523 claims in the Complaint should be dismissed because BPL has failed to mitigate its alleged damages.

6. The Section 523 claims in the Complaint should be dismissed because any loss or damage that BPL claims to have suffered was caused, in whole or in part, by the acts or omissions of BPL and/or third parties for which Barry Howse should not be held responsible.

7. The Complaint should be dismissed because BPL's claims are barred by the parol evidence rule.

8. Barry Howse reserves the right to plead and interpose any further affirmative defenses as may become evident during the prosecution of this matter.

## ANSWER

And now, without waiving any of the foregoing Defenses, Barry Howse would show as follows:

9. Barry Howse ADMITS that he filed his Petition in his Chapter 7 Proceeding as alleged in paragraph 1 of the Complaint; Barry Howse lacks sufficient information to admit or deny the allegations about BPL's particulars, and thus DENIES the remaining allegations in paragraph 1 of the Complaint.

10. No response is required of Barry Howse as to the allegations in paragraph 2 of the Complaint; however, if a response is required, Barry Howse ADMITS the allegations in paragraph 2 of the Complaint.

11. Barry Howse ADMITS the allegations in paragraph 3 of the Complaint.

12. Barry Howse lacks sufficient information to admit or deny the allegations about BPL's relationship, if any, to GE Commercial Finance ("GECF"); Barry Howse Admits that he was involved with a commercial loan by GE Commercial Finance to Dynamic Investments ("Dynamic"); Barry Howse lacks sufficient information to admit or deny whether Exhibit A to the Complaint is a true and correct copy of any loan agreement he was involved with, and thus DENIES the remaining allegations in paragraph 4 of the Complaint.

13. Barry Howse Admits that he was involved with a commercial deed of trust to GECF in relation to the loan addressed in paragraph 12 above; Barry Howse lacks sufficient information to admit or deny whether Exhibit A to the Complaint is a true and correct copy of any part of a loan agreement he was involved with along with Dynamic, and thus DENIES the remaining allegations in paragraph 5 of the Complaint.

14. Barry Howse lacks sufficient information to admit or deny whether Exhibit B to the Complaint is a true and correct copy of any part of a loan agreement he was involved with, and thus

DENIES the allegations in paragraph 6 of the Complaint.

15. No response is required of Barry Howse as to the allegations in paragraph 7 of the Complaint because any valid loan document speaks for itself; however, if a response is required, Barry Howse lacks sufficient information to admit or deny the particulars of any agreements Dynamic made with GECF, and thus DENIES the remaining allegations in paragraph 7 of the Complaint.

16. Barry Howse Admits that he signed certain documents in relation to the loan that Dynamic made with GECF, and would show that any such document speaks for itself; Barry Howse DENIES any remaining allegations in paragraph 8 of the Complaint.

17. Barry Howse lacks sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, thus DENIES same.

18. No response is required of Barry Howse as to the legal conclusions asserted in paragraph 10 of the Complaint; Barry Howse lacks sufficient information to admit or deny the remaining allegations in paragraph 10 of the Complaint, and thus DENIES same.

19. No response is required of Barry Howse as to the allegations in paragraph 11 of the Complaint; however, if a response is required, Barry Howse lacks sufficient information to admit or deny the allegations in paragraph 11 of the Complaint, and thus DENIES same.

20. Barry Howse ADMITS the allegations in paragraph 12 of the Complaint.

21. Barry Howse ADMITS the allegations in paragraph 13 of the Complaint.

22. Barry Howse ADMITS that BPL caused, or contributed substantially to, seemingly endless litigation in the business Chapter 11 cases for Dynamic and Howse Implement Company, Inc. ("Howse Implement"), and that the Plan in each case was finally confirmed; Barry Howse Denies any remaining allegations in paragraph 14 of the Complaint.

23. Barry Howse lacks sufficient information to admit or deny what the proximate cause of dismissal of the Dynamic and Howse Implement Chapter 11 proceedings was, and thus DENIES the allegations in paragraph 15 of the Complaint.

24. Barry Howse lacks sufficient information to admit or deny what informational letters BPL may have sent to Benjamin T. Howse ("Ben Howse"), and thus DENIES the allegations in

paragraph 16 of the Complaint.

25. Barry Howse lacks sufficient information to admit or deny the allegations in paragraph 17 of the Complaint, and thus DENIES same.

26. Barry Howse ADMITS that he did not pay fully any valid loan among GECF, BPL and Dynamic; Barry Howse lacks sufficient information to admit or deny the remaining allegations in paragraph 18 of the Complaint, and thus DENIES same.

27. Barry Howse lacks sufficient information to admit or deny the allegations in paragraph 19 of the Complaint--including the implicit allegation that any foreclosure by BPL was conducted in accord with applicable law--and thus DENIES same.

28. Barry Howse lacks sufficient information to admit or deny the allegations in paragraph 20 of the Complaint, and thus DENIES same.

29. Barry Howse ADMITS the allegations in paragraph 21 of the Complaint.

30. Barry Howse ADMITS the allegations in paragraph 22 of the Complaint.

31. Barry Howse ADMITS the allegations in paragraph 23 of the Complaint, although BPL has neglected to reference contested proceedings filed by Barry Howse objecting to the over-broad scope and content of BPL's 2004 examination demands.

32. Barry Howse ADMITS the allegations in paragraph 24 of the Complaint.

33. Barry Howse ADMITS that he produced voluminous documents to Counsel for BPL pursuant to the Court's Rule 2004 Examination Order, even though it was contested; Barry Howse ADMITS that documents were not produced to fit within every category of document requested by BPL; Barry Howse Denies the remaining allegations in paragraph 25 of the Complaint.

34. Barry Howse ADMITS that Counsel for BPL expressed displeasure with the scope of documents produced by Barry Howse, and that he dispatched still more documents to BPL; Barry Howse Denies any remaining allegations in paragraph 26 of the Complaint.

35. Barry Howse ADMITS the allegations in paragraph 27 of the Complaint.

36. Despite timely request for a copy of any Examination transcript obtained by BPL, Barry Howse has not received any such document, and thus Barry Howse lacks sufficient information to admit

or deny the remaining allegations in paragraph 28 of the Complaint, and thus DENIES same.

37. Barry Howse lacks sufficient information to admit or deny the allegations in paragraph 29 of the Complaint, and thus DENIES same. Barry Howse further moves the Court to suppress and quash the use of any records retrieved by BPL from Ben Howse to the extent, if any, that such access was obtained by improper direct contact by BPL with a represented party.

38. No response is required of Barry Howse as to the allegations in paragraph 30 of the Complaint; however, if a response is required, Barry Howse DENIES same.

39. No response is required of Barry Howse as to the allegations in paragraph 31 of the Complaint, because his schedules filed with this Court speak for themselves; however, if a response is required, Barry Howse ADMITS that his schedules generally disclose debts as referenced in paragraph 31 of the Complaint.

40. Barry Howse ADMITS that he does not have documents that refer to the vast majority of debts involved with Howse Implement and/or Dynamic, beyond the schedules filed in the Chapter 11 proceedings for each entity; Barry Howse DENIES any remaining allegations in paragraph 32 of the Complaint.

41. Barry Howse DENIES the allegations in paragraph 33 of the Complaint.

42. Barry Howse DENIES the allegations in paragraph 34 of the Complaint.

43. No response is required of Barry Howse as to the allegations in paragraph 35 of the Complaint; however, if a response is required, Barry Howse DENIES same.

44. On information and belief, Barry Howse ADMITS that certain documents may have been submitted to others on his behalf during the course of the GECF loan; Barry Howse DENIES providing any such documents to BPL; Barry Howse has asked for copies of all alleged loan documents that BPL has, but has not been favored with them; Barry Howse lacks sufficient information to admit or deny the remaining allegations in paragraph 36 of the Complaint, and thus DENIES same.

45. Barry Howse lacks sufficient information to admit or deny the allegations in paragraph 37 of the Complaint as to any "box of documents", and/or to any documents that might refer or relate to any business entity other than GECF; Barry Howse thus DENIES the allegations in paragraph 37

of the Complaint, and further Denies that BPL has standing to assert any claim as to any loan Barry Howse might have with Cornerstone Bank.

46. Barry Howse ADMITS that certain documents are attached to the Complaint, which speak for themselves; Barry Howse DENIES any remaining allegations in paragraph 38 of the Complaint.

47. On information and belief, Barry Howse ADMITS that certain documents may have been submitted to others on his behalf during the course of the GECF loan; Barry Howse DENIES providing any such documents to BPL or painting any pictures for BPL; Barry Howse ADMITS that any documents that he may have tendered to BPL say what they say, but Barry Howse lacks sufficient information to admit or deny the remaining allegations in paragraphs 39 and 40 of the Complaint, and thus DENIES same.

48. Barry Howse ADMITS that he has disclosed, and testified about, selling certain personal property within the year prior to filing his Chapter 7 Petition in this Court, and transferring certain real property to his daughters; Barry Howse DENIES the remaining allegations in paragraphs 41, 42, 43 and 44 and 45 of the Complaint.

49. Barry Howse ADMITS that his assets have suffered a marked decline in value in the last several years, due to no fault of his own; Barry Howse DENIES the remaining allegations in paragraph 46 of the Complaint.

50. Barry Howse DENIES the allegations in paragraph 47 of the Complaint.

51. No response is required of Barry Howse as to the allegations in paragraph 48 of the Complaint; however, if a response is required, Barry Howse DENIES same.

52. Barry Howse ADMITS that he sought to account for his assets in this schedules filed with this Court; Barry Howse DENIES the remaining allegations in paragraph 49 of the Complaint.

53. On information and belief, Barry Howse ADMITS that certain documents may have been submitted to others on his behalf during the course of the GECF loan, and that he has undeveloped land as part of his homestead property, which appears to be described generally in paragraphs 50 and 51 of the Complaint; Barry Howse DENIES any remaining allegations in paragraph

50 and 51 of the Complaint.

54. No response is required of Barry Howse as to the allegations in paragraph 52 of the Complaint because the referenced documents speak for themselves. If a response is required, on information and belief, Barry Howse ADMITS that certain documents may have been submitted on his behalf to others during the course of the GECF loan, and that at one point (not related to this Proceeding) he had what was inartfully described as a "second home" valued by others; Barry Howse DENIES any remaining allegations in paragraph 52 of the Complaint.

55. On information and belief, Barry Howse ADMITS that certain documents may have been submitted on his behalf to others during the course of the GECF loan; and that he has described his homestead property to the best of his ability and understanding, and has listed the related debt encumbrance with First State Bank, in this Court; Barry Howse DENIES any remaining allegations in paragraph 53 of the Complaint.

56. Barry Howse DENIES the allegations in paragraph 54 of the Complaint.

57. Barry Howse DENIES that any true, correct and/or valid state records show him as the owner of any automobiles not described appropriately in his Schedules filed with this Court; Barry Howse would further show that, if there are valid records that suggest Barry Howse retains ownership of the subject vehicles, then the title error was caused by failure of the subsequent purchasers to title the vehicles in their names properly; Barry Howse DENIES any remaining allegations in paragraph 55 of the Complaint.

58. Barry Howse DENIES the allegations in paragraph 56 of the Complaint.

59. No response is required of Barry Howse as to the allegations in paragraph 57 of the Complaint; however, if a response is required, Barry Howse DENIES same.

60. Barry Howse DENIES the allegations in paragraph 58 of the Complaint.

61. Barry Howse DENIES the allegations in paragraph 59 of the Complaint.

62. Barry Howse DENIES the allegations in paragraph 60 of the Complaint.

63. Barry Howse DENIES the allegations in paragraph 61 of the Complaint.

64. Barry Howse DENIES the allegations in paragraph 62 of the Complaint.

65. Barry Howse DENIES the allegations in paragraph 63 of the Complaint, and objects to BPL's attempt to reserve an unfettered right to level new allegations against him.

66. Barry Howse DENIES the allegations in that certain un-numbered paragraph of the Complaint beginning with the phrase "WHEREFORE, BPL" and ending with the phrase "general relief." Barry Howse further DENIES that BPL is entitled to any relief whatsoever from him in this Court, under the premises or otherwise.

## MOTIONS

67. Barry Howse moves the Court to Order BPL to forthwith furnish to him a true, correct and complete copy of any Rule 2004 examination transcript obtained by BPL, as the cost of same creates an undue hardship on Barry Howse to obtain.

68. Barry Howse moves the Court to Order BPL to forthwith furnish a true, correct and complete copy of any "box of documents" BPL claims to have retrieved from a self-storage unit leased by Ben Howse (as referenced in paragraph 29 of the Complaint), as the cost of same creates an undue hardship on Barry Howse to obtain.

69. Barry Howse moves the Court to award unto him a reasonable attorney's fee for having to defend against the spurious allegations in the Complaint that are not substantially justified in substance or in the main, pursuant to 11 U.S.C. Sec. 105 and applicable law.

**WHEREFORE, PREMISES CONSIDERED**, Debtor/Defendant Barry Howse prays that:

A. This Answer & Defenses be received and filed;

B. The Complaint will be dismissed, with prejudice, by the Court;

C. The Court will, on an *ex parte* basis, award unto Barry Howse the relief sought in paragraphs 67 and 68 hereinabove, without having to wait for the delays and vagaries of the discovery process;

D. That, upon a full and final hearing hereof, this Court will award to Barry Howse a judgment against BPL for all reasonable legal fees and expenses of Barry Howse's attorney(s);

E. Finally, if Barry Howse has prayed for the wrong or insufficient relief, he prays for such other relief to which he may be entitled, and that this Court will amend the pleadings to conform to the

proof adduced at trial.

    Respectfully submitted this the 1ˢᵗ of February, 2018.

                                                /s/ Barry D. Howse
                                                BARRY D. HOWSE

/s/ Allen Flowers
ALLEN FLOWERS
Counsel to Debtor/Defendant
341 N. 25th Avenue
Hattiesburg, MS 39401
601.583.9300
Email: allen@aflowerslaw.net
MSB No. 7494

### CERTIFICATE OF SERVICE

    I, Allen Flowers, Attorney for the Debtor herein, do hereby certify that I have this day caused to be mailed a true and correct copy of the above and foregoing Answer by electronic transmission to via filing same with the Court's CM/ECF system to U.S. Trustee, Hon. Derek A. Henderson, and to Hon. William H. Leech and Hon. Christopher Meredith.

    All on this, the 1ˢᵗ of February, 2018.

                                                /s/ Allen Flowers
                                                ALLEN FLOWERS